IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**OTHMANE MAHJOUBI,**

    Petitioner,

v.

**DANIELLE KATHRYN ROPER,**

    Respondent.

Civ. No. 6:24-cv-01358-AA

**OPINION AND ORDER**

---

AIKEN, District Judge:

    Before the Court is Respondent's Motion for Appointment of Guardian ad Litem. ECF No. 21. Petitioner opposes the request. ECF No. 24. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. For the reasons explained, Respondent's Motion, ECF No. 21, is DENIED.

Page 1 – OPINION AND ORDER

**FACTUAL AND PROCEDURAL HISTORY**

Factual background is set forth in the Court's September 12, 2024, Opinion and Order. ECF No. 7. On August 19, 2024, Petitioner initiated this action by filing a Verified Petition for return of child and for provisional relief pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.* ECF No. 1.

Respondent has filed an Answer denying and opposing the allegations in the Petition and raised affirmative defenses including: jurisdictional and procedural defenses; that the Petitioner consented/acquiesced to the "children remaining in the United States and Oregon until August 30, 2024." Answer at 8. Respondent asserts that "when the children did not return to France on August 31, 2024, they were habitually resident in Oregon." *Id.* Respondent asserts that the children would be exposed to a grave risk of harm and/or an intolerable situation. *Id.* And that the six-year-old, AM, is of a sufficient age and maturity that their opinion should be considered by the Court. *Id.*

Attached to Respondent's Answer are exhibits, some showing that in August 2024, upon arriving in Oregon, Respondent signed a lease; set up utilities; registered the children for school; and signed the children up for sporting activities.

The Court held a telephonic status conference October 22, 2024, and on October 31, 2024, the latter of which was to schedule dates for the evidentiary proceeding.

The night before the October 31 hearing, Respondent filed a Motion a Guardian ad Litem which the Court now takes up.

## DISCUSSION

Respondent's Motion seeks appointment of a Guardian ad Litem ("GAL") to "undertake to interview the children and consult with any other persons she deems appropriate to adequately assess the children's concerns and wishes." Specifically, Respondent states that the GAL shall: (1) determine the wishes of the children regarding their living, or not, in France with their father, or in Oregon with their mother, and determine the reasons for the wishes of each child; (2) assess, evaluate, and opine upon each child with respect to his or her ability and maturity to express a desire regarding where to live; and (3) assess, evaluate, and opine upon whether the children returning to France would constitute a grave risk of exposing the children to physical or psychological harm, or otherwise place them in an intolerable situation.

Petitioner opposes the Motion arguing such an appointment is unhelpful and would unnecessarily complicate resolution of the Petition. Respondent maintains a GAL is appropriate in this case.

"District courts have sometimes allowed children to participate [in Hague Convention proceedings] through guardians ad litem when their interests were not adequately represented by either party." *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) (citing *Danaipour v. McLarey*, 286 F.3d 1, 8 (1st Cir. 2002); *Lieberman v. Tabachnik*, Civil Action No. 07-cv-02415-WYD, 2007 WL 4548570, *2 (D. Colo. Dec.

19, 2007)). "Granting the children representation in appropriate situations is consistent with the Supreme Court's view that 'courts can achieve the ends of the [Hague] Convention and ICARA—and protect the well-being of the affected children—through the familiar judicial tools....'" *Id.* (quoting *Chafin v. Chafin*, 133 S.Ct. 1017, 1026–27 (2013)). Similarly, Federal Rule of Civil Procedure 17(c)(2) provides that a court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

The Court has the authority to appoint a GAL. In this case, however, there is no indication that the children's interests under the Hague Convention are not being represented by the parties. Nor does the Court find a GAL would be useful or necessary in order for it to makes the determinations presented in this Hague Convention case.

At its core, the Verified Petition asks this Court to determine which *nation* should hear the underlying custody claim between the parties. *See Mozes v. Mozes*, 239 F.3d 1067, 1070 (9th Cir. 2001) (citing *Elisa Perez-Vera*, Explanatory Report ¶¶ 13, 16, in 3 Hague Conference on Private International Law, Acts and Documents of the Fourteenth Session, Child Abduction 426 (1982)).

The Petitioner bears the burden of proving by a preponderance of the evidence that the Child in question has been wrongfully removed from or retained outside the nation of their habitual residence. *See* 22 U.S.C. § 9003(e)(1)(A); Hague Convention, arts. 3 and 4. The Respondent has raised several affirmative defenses including that

the Petitioner consented/acquiesced to the retention of the children to in the United States; granting the petition would expose the children to grave risk of psychological harm and/or place the child in an intolerable situation; the children are of sufficient age and maturity that their opinion should be considered; and that the children's habitual residence is in the United States. *See* Answer at 8-9.

Having reviewed the entire record presented in this case thus far, the Court finds that, at this stage, these determinations can be made based on the arguments and evidence supplied—or to be supplied—by the parties at evidentiary hearing, without the need for the services of a GAL.

Although the parties disagree as to the outcome of this case, their respective positions evidence that the children's fundamental interests are well represented by the parents in this case. Both parents are represented by counsel and have presented thoughtful and well-articulated arguments and point to countering evidence upon which they each rely in arguing their positions. Furthermore, this Court is empowered only to determine the rights under the Hague Convention in this case, not the merits of the underlying custody dispute between the parties—that is, the Court does not decide which parent shall have custody of the children. *See Mozes*, 239 F.3d at 1070; 22 U.S.C. § 9001(b)(4).

The Hague Convention is a multilateral international treaty on parental kidnaping to which the United States and France are signatories. The goal of the Convention is to "protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt

return to the State of their habitual residence." *See* Hague Convention, Oct. 25, 1980, preamble. The Hague Convention applies where a child has been removed or retained away from his or her habitual residence in breach of the custody rights that the petitioner was exercising at the time of the wrongful removal or wrongful retention. *See* 22 U.S.C. § 9003(e); Hague Convention, art. 3.

The objects of the Hague Convention are: (1) "to secure the prompt return of children wrongfully removed to or retained in any Contracting State," and (2) "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States." Hague Convention, art. 1; *see also* 22 U.S.C. § 9001(a).

In determining whether the removal or retention of a child is "wrongful" under the Hague Convention, the Court must answer: when did the removal or retention take place? Immediately prior to the removal or retention, in which state was the child habitually resident? Did the removal or retention breach the rights of custody attributed to the petitioner under the law of the habitual residence? Was the petitioner exercising those rights at the time of the removal or retention? *Pennacchia v. Hayes,* No. 1:16-CV-00173-EJL, 2016 WL 9045965, at *3 (D. Idaho June 8, 2016).

If the petitioner establishes that the removal or retention was "wrongful," the child must be returned unless the respondent can establish one or more of four defenses: (1) the ICARA proceedings were not commenced within one year of the child's abduction; (2) the petitioner was not actually exercising custody rights at the time of the removal or retention; (3) there is a grave risk that return would expose

Page 6 – OPINION AND ORDER

the child to "physical or psychological harm" or otherwise place the child in an "intolerable situation"; or (4) return of the child "would not be permitted by the fundamental principles ... relating to the protection of human rights and fundamental freedoms." *Blondin v. Dubois*, 189 F.3d 240, 245 (2nd Cir. 1999); Hague Convention, arts. 12, 13 and 20.

The first two defenses can be established by a preponderance of the evidence; the last two must be established by clear and convincing evidence. *Blondin*, 189 F.3d at 245–46; 22 U.S.C. § 9003(e)(2).

Article 13(b) of the Hague Convention provides parents with the fundamental right to protect their children from being exposed to physical or psychological harm, even when that means separating the children from their other parent by means of an international border. *See Danaipour v. McLarey*, 286 F.3d 1, 26 (1st Cir. 2002) ("American courts have a duty to ensure that a child is not returned to a situation of grave risk.").

These determinations do not require the use of a GAL in this case. While it is the Court's obligation to adjudicate what the children have experienced and whether their experiences justify application of the Article 13(b) exceptions, the children's interests are well represented by the parties. *See Smith v. Smith*, No. 1:17-CV-489-BLW, 2018 WL 1083444, at *1 (D. Idaho Feb. 27, 2018) (denying motion for guardian ad litem where child's interests are adequately represented.).

Page 7 – OPINION AND ORDER

## CONCLUSION

Respondent's Motion to Appoint a Guardian ad Litem is DENIED.

IT IS SO ORDERED.

Dated this 5th day of November 2024.

                    /s/Ann Aiken

                    Ann Aiken
            United States District Judge