**From:** Richard Min
**Sent:** Wednesday, November 6, 2024 1:37 PM
**To:** 'Katrina Seipel' <KAS@buckley-law.com>; Catherine Kramer <Cathy_Kramer@ord.uscourts.gov>; Michael Banuchis <MBanuchis@gkmrlaw.com>; tdentinger@ghrlawyers.com
**Cc:** Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>
**Subject:** RE: 6:24-cv-01358-AA Mahjoubi v. Roper

Dear Ms. Kramer,

In response to Ms. Seipel's email, I provide below a summary of the recent communications with counsel for Respondent.

- On October 28, 2024, counsel met via Zoom to discuss trial dates and pretrial scheduling. We scheduled a follow-up call for October 30, 2024.
- On October 30, 2024, during our call, we again discussed pretrial scheduling. Respondent's counsel had agreed to exchange initial disclosures by November 4, 2024. Following the call, on the same day, we noted this agreement that initial disclosures were due on November 4, 2024 in a broader discussion about other potential deadlines. Respondent's counsel did not note any objection to the deadline for initial disclosures. A copy of the email correspondence between counsel on pretrial scheduling is annexed hereto as **Exhibit A.**
- On October 31, 2024, we emailed Ms. Seipel to finalize a comprehensive pretrial schedule, including proposed deadlines for discovery requests and deadlines.
- On November 4, 2024, Respondent's counsel finally responded with their proposed discovery schedule. We responded seeking confirmation that they were exchanging initial disclosures that day as previously discussed and agreed. Ms. Seipel then expressed uncertainty regarding the initial disclosures. A copy of the email correspondence between counsel on pretrial scheduling is annexed hereto as **Exhibit A.**
- On November 5, 2024, we served Respondent with Petitioner's Initial Disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. In response, Ms. Seipel objected to providing initial disclosures for the first time. A copy of the email correspondence between counsel on initial disclosures is annexed hereto as **Exhibit B.**

It appears that counsel for Respondent waited for Petitioner to serve his initial disclosures before informing us that they were refusing to serve initial disclosures. If Petitioner was informed of this objection on October 30, 2024, when we met and conferred, we could have addressed this matter with the Court at the Status Conference on October 31, 2024. Their position that initial disclosures in Hague cases are not required is unreasonable and it appears to be positioned simply to hide evidence and to place Petitioner at a disadvantage.

Further, it is worth noting that the Show Cause Hearing had to be adjourned twice due to counsel's refusal to accept service on behalf of Respondent.

- On August 23, 2024, counsel emailed asking whether our client would be amenable to mediation. In response, we advised counsel that we would consent to mediation on the condition that they accept service of the Hague petition, as we were unable to locate Respondent and the children.
- We followed up on September 19, 2024, requesting confirmation of service acceptance by September 20, 2024.
- Having received no response, and with the Show Cause Hearing scheduled for September 24, 2024 [ECF No. 7], we informed the Court of our inability to serve the Respondent, respectfully requesting an adjournment until October 8, 2024, to continue our efforts to serve Ms. Roper.
- The Show Cause Hearing was rescheduled to October 8, 2024 [ECF No. 10].
- On October 4, 2024, due to counsel's refusal to accept service, co-counsel Ms. Dentinger requested an additional two-week extension as we continued our efforts.
- The Show Cause Hearing was subsequently rescheduled to October 22, 2024 [ECF No. 13].

Opposing counsel's inconsistent communication and reluctance to adhere to procedural deadlines has hindered progress in this time-sensitive case, especially regarding pretrial coordination. We respectfully request that the Court order Respondent to serve initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure immediately. Further, to avoid any further confusion, we respectfully request the Court to order that discovery responses be due on November 14, 2024. If the Court deems it necessary, pursuant to Local Rule of Civil Procedure 26-3(f), counsel for Petitioner is available for a telephone conference to help resolve any further issues.

Truly Yours,

_____
**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115

_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Wednesday, November 6, 2024 8:15 AM
**To:** Richard Min <rmin@gkmrlaw.com>; Catherine Kramer <Cathy_Kramer@ord.uscourts.gov>; Michael Banuchis <MBanuchis@gkmrlaw.com>; tdentinger@ghrlawyers.com
**Cc:** Katelyn Skinner <kds@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Katrina Seipel <KAS@buckley-law.com>
**Subject:** RE: 6:24-cv-01358-AA Mahjoubi v. Roper

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning—

Mr. Min misstates Respondent's position and efforts. I've attached our recent communication on this topic to this email, for the Court's review.

Thank you,

**Katrina Seipel**
Attorney at Law, Associate



*t* 503.620.8900 | *f* 503.620.4878
5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035
KAS@buckley-law.com
www.buckley-law.com
-

 

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Tuesday, November 5, 2024 5:49 PM
**To:** Catherine Kramer <Cathy_Kramer@ord.uscourts.gov>; Michael Banuchis <MBanuchis@gkmrlaw.com>; tdentinger@ghrlawyers.com
**Cc:** Katrina Seipel <KAS@buckley-law.com>; Katelyn Skinner <kds@buckley-law.com>
**Subject:** RE: 6:24-cv-01358-AA Mahjoubi v. Roper

Dear Ms. Kramer,

We would like to address an ongoing discovery dispute that cannot be resolved. In short, Respondent is refusing to provide initial disclosures and coordinate efforts on an expedited discovery schedule. As discussed at the conference, we anticipated resolving these issues amicably especially since this had been previously discussed and seemingly agreed until we were told otherwise today for the first time.

We are prepared to file an expedited motion to address these issues unless the Court prefers a telephonic conference. I understand that pursuant to the rules, a telephone call may be utilized for discovery disputes. I also recall Judge Aiken stating that if there were any issues to be addressed we could email you as well. I apologize for the inconvenience and I am happy to file a letter or formal motion to address the ongoing issues we are having with discovery.

Truly Yours,

**Richard Min|Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
O: 212.681.6400|D: 212.257.1944|F: 212.681.6999
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged. This information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. You should delete the message and attachments without printing, copying, forwarding or saving them. If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.